Adam G. Husik
Morgan T. Nickerson (to be admitted *pro hac vice*)
**K&L Gates LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001
*Attorneys for Plaintiff Swampfox Optics Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWAMPFOX OPTICS INC., | ) |
| Plaintiffs, | ) Civil Action No. |
| v. | ) |
| Y&E DEALS LLC, | ) **JURY DEMAND** |
| Defendant. | ) |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Swampfox Optics Inc. ("Swampfox Optics") by and through its undersigned counsel, complains of Defendant Y&E Deals LLC's ("Defendant") misconduct and alleges as follows:

### NATURE OF ACTION

1. Swampfox Optics seeks injunctive relief and monetary damages for Defendant's trademark counterfeiting and infringement, false advertising, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and violations of state law arising from Defendant's wrongful and infringing promotion and sale of Swampfox Optics products through online commerce sites including but not limited to, Amazon.com.

2. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of

1

Swampfox Optics. As a result of Defendant's actions, Swampfox Optics is suffering a loss of the enormous goodwill that Swampfox Optics has created in its trademarks and is losing profits from lost sales of products.

3. This action seeks permanent injunctive relief and damages for Defendant's infringement of Swampfox Optics' intellectual property rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

5. This Court has personal jurisdiction over Defendant as Defendant (a) is a New Jersey limited liability company registered with the State of New Jersey and (b) has sold numerous products within the United States, the State of New Jersey, and this District.

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff Swampfox Optics is a Delaware corporation with its principal place of business in Englewood, Colorado. Swampfox Optics designs and manufactures high performance tactical optic products (the "Swampfox Optics Products").

8. Defendant Y&E Deals LLC is a New Jersey limited liability company located in Jackson, New Jersey. Defendant Y&E Deals LLC is connected to an Amazon Seller Account "Y&E Deals", which has been assigned Amazon user ID A270YPH0TZ7WDJ. Defendant sells

its wares, including the Swampfox Optics Products, to customers throughout the United States including, but not limited to, customers in this District.

## FACTS

**A. Swampfox Optics' Trademark Usage**

9. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for use of the Swampfox Optics mark on, *inter alia,* "[r]iflescopes; optical red-dot sights for firearms; optical prism sights for firearms; binoculars; spotting scopes; flashlights for use with firearms; laser pointing device for use with firearms" (hereinafter, the Swampfox Optics Marks"). The Swampfox Optics Marks include, but are not limited to:

| Mark | Registration Number | Registration Date |
|---|---|---|
| Swampfox | 5,824,661 | Aug. 6, 2019 |
| Kingslayer | 6,811,693 | Aug. 9, 2022 |

10. The Swampfox Optics Marks have been in continuous use since at least their respective dates of registration.

11. Swampfox Optics advertises, distributes, and sells its products to consumers under the Swampfox Optics Marks.

12. Swampfox Optics has also acquired common law rights in the use of the Swampfox Optics Marks throughout the United States.

13. Swampfox Optics' federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Swampfox Optics' exclusive ownership of the Swampfox Optics Marks.

14. Swampfox Optics has invested significant time, money, and effort in advertising, promoting, and developing the Swampfox Optics Marks throughout the United States and the world. As a result of such actions, Swampfox Optics has established substantial goodwill and widespread recognition in its Swampfox Optics Marks, and the Marks have become associated exclusively with Swampfox Optics and its products by both customers and potential customers, as well as the general public at large.

15. To create and maintain such goodwill among its customers, Swampfox Optics has taken substantial steps to ensure that products bearing the Swampfox Optics Marks are of the highest quality. As a result, the Swampfox Optics Marks have become widely known and are recognized throughout the United States and the world as a symbol of high quality products.

**B. Defendant's Infringing and Improper Conduct**

16. Defendant has sold products bearing the Swampfox Optics Marks on several online retail platforms, including, but not limited to, Amazon.com

17. Swampfox Optics has never authorized or otherwise granted Defendant permission to sell Swampfox Optics Products.

18. Defendant represents that the Swampfox Optics Products it has offered for sale on Amazon.com are "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin.

19. Because Defendant purchases Swampfox Optics Product from return and liquidation stock, it is unaware of the condition or the prior chain of custody of the Swampfox Optics Product it sells. Therefore, all Swampfox Optics Products sold by Defendant are non-genuine products.

20. Defendant's advertisement of Swampfox Optics Products and use of the Swampfox Optics Marks provides customers with a false assurance that the products they purchase from Defendant conform with Swampfox Optics' high standards and work as intended, when in fact they are receiving non-genuine Swampfox Optics Products.

21. Defendant falsely advertises the Swampfox Optics products it offers for sale and sells on the Internet to United States consumers using the Swampfox Optics Marks.

22. Specifically, Defendant falsely advertises "new" Swampfox Optics Products but fulfills orders with liquidated, used, or non-genuine product of unknown origin.

23. Upon information and belief, without Plaintiff's authorization, Defendant has engaged in the manufacture, importation, distribution, advertising, promotion, offering for sale, and sale of Counterfeit Products throughout the United States including online retail platforms, such as Amazon.com. Upon information and belief, Defendant has marketed, advertised, and promoted its Counterfeit Products through Amazon.com.

24. On September 25, 2024, Swampfox Optics purchased a Kingslayer dot sight, bearing the Swampfox Optics Mark, from Defendant through its Amazon.com seller account, Y&E Deals.





25.     The product was shipped from World Class, Inc., 644 Cross Street, Unit 12, Lakewood, New Jersey 08701.

26.     Upon receipt, Swampfox Optics discovered that the Kingslayer dot sight sold by Defendant is a counterfeit reproduction of Swampfox Optics' Kingslayer dot sight (the "Counterfeit Product"). For example, authentic Kingslayer dot sights have a reflective silver back plate and contain a nine (9) digit serial number. The Counterfeit Product sold by Defendant bearing the Swampfox Optics Mark had a different back plate and contained a ten (10) digit serial number:

| Authentic Kingslayer dot sight | Defendant's Counterfeit Product |
|---|---|
|  |  |

27. Swampfox Optics' investigation of the Counterfeit Product concluded that the product purchased from Defendant was not authentic.

28. In addition to harm to consumers, the sale of non-genuine Swampfox Optics Products directly harms Swampfox Optics. When consumers purchase Swampfox Optics Products from Defendant, they expect that the products they receive are new and in proper working order. Instead, their image of Swampfox Optics is diminished because they receive counterfeit, liquidated, used, or non-genuine product of unknown origin. Swampfox Optics' opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendant's

7

conduct, Swampfox Optics suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

29. This is not the first time that Defendant has sold counterfeit, liquidated, used, or non-genuine product of unknown origin.

30. Indeed, on October 19, 2024, a recent customer of Defendant named Mike H. left the following 1-star (out of 5-star) feedback after purchasing a Swampfox Optics product:

> "I ordered a swap fox red dot and received a trijicon red dot that doesnt work, must of been someone else returned it. i paid alot of money for someones broken junk."

31. On September 23, 2024, another recent customer of Defendant named Jonathan W Emert left the following 1-star (out of 5-star) review:

> "Item is confirmed by Swamp Fox To be a fake."

32. Offering Swampfox Optics Products as "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin results in poor brand experiences such as the above.

33. Defendant's conduct results in consumer confusion, the dilution of Swampfox Optics' goodwill and trade name, as well as lost sales and profits of actual "new" Swampfox Optics Products.

C. **The Likelihood of Confusion and Injury Caused by Defendant's Actions.**

34. Defendant's actions substantially harm Swampfox Optics by placing infringing, falsely advertised Swampfox Optics Products into the stream of commerce in the United States.

35. Defendant's advertisement and sale of non-genuine products bearing the Swampfox Optics Marks has caused – and is likely to continue causing – consumer confusion by representing to consumers that the Swampfox Optics Products offered for sale by Defendant are "new" when they are not.

36. Defendant's advertisement and sale of non-genuine products bearing the Swampfox Optics Marks has caused – and is likely to continue causing – consumer confusion and disappointment regarding Swampfox Optics' sponsorship or approval of those products creating a false designation of origin in the minds of consumers.

37. Defendant's conduct results in consumer confusion as well as the dilution of Swampfox Optics' goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

38. Defendant's conduct as described herein results in the lessening of sales of genuine, properly advertised Swampfox Optics Products to the detriment of Swampfox Optics.

39. As a result of Defendant's actions, Swampfox Optics is suffering a loss of the enormous goodwill it created in the Swampfox Optics Marks.

40. Upon information and belief, defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Swampfox Optics' irreparable harm.

## COUNT I

### Trademark Infringement in Violation of 15 U.S.C. § 1114

41. Swampfox Optics hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

43. The acts of Defendant alleged herein constitute the use in commerce, without the consent of Swampfox Optics, of a reproduction, counterfeit, copy, or colorable imitation of the Swampfox Optics Mark in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringes Swampfox Optics' rights in the Swampfox Optics Marks, all in violation of the Lanham Act.

44. Defendant's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and

the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

45. Defendant's use of the Swampfox Optics Marks in the advertisement or sale of Swampfox Optics Products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the Swampfox Optics Marks, thereby causing immediate, substantial, and irreparable injury to Swampfox Optics.

46. As a direct and proximate result of Defendant's actions, Swampfox Optics has been, and continues to be, damaged by Defendant's activities and conduct.

47. Defendant has profited thereby, and, unless their conduct is enjoined, Swampfox Optics' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Swampfox Optics is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### Federal Trademark Counterfeiting
### In Violation of 15 U.S.C. § 1114

48. Swampfox Optics incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

49. The Swampfox Optics Marks are valid, protectable trademarks that have been registered as marks on the principal register in the USPTO. Swampfox Optics is the owner and registrant of the Swampfox Optics Marks.

50. As described in more detail above, Defendant has used and counterfeited the Swampfox Optics Marks in connection with the marketing, promotion, and sale of their goods and services without Swampfox Optics' consent, in a manner that is likely to cause, and has actually caused, confusion and/or mistake, or that has deceived members of the consuming public. Indeed, Defendant's counterfeiting and infringing activities are likely to cause and are actually causing

confusion, mistake and deception among the consuming public as to the origin, sponsorship, and quality of Defendant's infringing products.

51. Defendant has publicly advertised, sold, offered to sell, and distributed counterfeit Swampfox Optics Products in interstate commerce in direct competition with Swampfox Optics and without authorization or consent to use the Swampfox Optics marks but with full knowledge of Swampfox Optics' notorious prior rights in those marks.

52. Defendant's counterfeit Swampfox Optics Products reproduce, counterfeit, copy, and colorably imitate the Swampfox Optics Marks or display a spurious designation that is identical with or substantially indistinguishable from, the Swampfox Optics Marks. Defendant has applied their reproductions, counterfeits, copies, and colorable imitations of the Swampfox Optics Marks on packages intended to be used in commerce upon or in connection with the sale, offering for sale, distribution or advertising of Defendant's counterfeit products, which is likely to cause confusion, to cause mistake, or to deceive.

53. Defendant's unauthorized use of the Swampfox Optics Marks on or in connection with Defendant's counterfeit products was conducted intentionally and with notice and full knowledge that the use was unauthorized by Swampfox Optics. Accordingly, Defendant's actions constitute willful trademark infringement and counterfeiting of the Swampfox Optics Marks in violation of 15 U.S.C. §§ 1114 and 1117.

54. Swampfox Optics has been, and will continue to be, damaged by Defendant's infringement, including by suffering irreparable harm through the diminution of trust and goodwill among Swampfox Optics consumers. Swampfox Optics is entitled to an injunction against Defendant, and an order of destruction of all infringing products, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to trebled damages

and/or actual profits, reasonable attorneys' fees, costs and prejudgment interest and/or statutory damages.

## COUNT III
### False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125

55. Swampfox Optics hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. This is a claim for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

57. Swampfox Optics engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Swampfox Optics Marks, throughout the United States.

58. The Swampfox Optics Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Swampfox Optics' products and services.

59. By selling or distributing products using the Swampfox Optics Marks that are different from those sold by Swampfox Optics as alleged herein, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Swampfox Optics and its goods and services in violation of 15 U.S.C. § 1125(a).

60. By advertising or promoting products using the Swampfox Optics Marks that are different from those sold by Swampfox Optics as alleged herein, Defendant is engaging in unfair competition via false advertisement of the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

61. Defendant's continued use of the Swampfox Optics Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

62. Defendant has used, and continues to use, the Swampfox Optics Marks to sell products that are different from those sold by Swampfox Optics in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Swampfox Optics' goodwill and reputation as symbolized by the Swampfox Optics Marks, for which Swampfox Optics has no adequate remedy at law.

63. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Swampfox Optics Marks, thereby causing immediate, substantial, and irreparable injury to Swampfox Optics.

64. By selling and advertising products under the Swampfox Optics Marks that are different from those sold by Swampfox Optics, Defendant is using the Swampfox Optics Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Swampfox Optics' consent. Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Swampfox Optics and its goods and services in violation of 15 U.S.C. 1125(a). Similarly, Defendant is engaging in false advertising by incorrectly advertising the condition of the products as "new" when the products are instead liquidated, used, or non-genuine product of unknown origin. Accordingly, Swampfox Optics is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

65. As a direct and proximate result of Defendant's actions, Swampfox Optics has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, Swampfox Optics' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Swampfox Optics is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT IV
**Deceptive Trade Practices Under State Law**
**(N.J.S.A. §§ 56:8-1, et seq.)**

66. Swampfox Optics hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67. By advertising or promoting products using the Swampfox Optics Marks as alleged herein, Defendant has used or employed unconscionable commercial practices, deception, false pretenses, false promises, and misrepresentations in the sale of Swampfox Optics Products to consumers.

68. As detailed above, Defendant's acts have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of the Swampfox Optics Products that Defendant sells to consumers.

69. Defendant's acts have caused Swampfox Optics damage, have irreparably harmed Swampfox Optics and, unless enjoined, will continue to do so in a manner affording Swampfox Optics no adequate remedy at law.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Swampfox Optics, Inc. prays for judgment in its favor and against Defendant providing the following relief:

1. For an entry of judgment in favor of Swampfox Optics and against Defendant on each of Defendant's claims for relief alleged in this Complaint;

2. For a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform or any other website, website host, website administrator, domain registrar, or internet service provider from:

a. Importing, exporting, assisting in the importation or exportation, manufacturing, procuring, distributing, shipping, retailing, offering for sale, marketing, advertising, or trafficking in any products not authorized by Swampfox Optics and bearing the unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Swampfox Optics Marks which are likely to cause confusion, or bearing a design that is of a substantially similar appearance to the Swampfox Optics Marks listed in this Complaint;

b. falsely advertising the condition of any Swampfox Optics Products that it can legally sell;

c. acquiring, or taking any steps to acquire, any Swampfox Optics Products that leads to a violation of the Lanham Act;

d. selling, or taking any steps to sell, any Swampfox Optics Products in violation of the Lanham Act;

e. engaging in any activity constituting unfair competition with Swampfox Optics; and

f. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

3. For a determination that Defendant's acts of trademark infringement constitute cases of willful and exceptional infringement;

4. Award Swampfox Optics statutory damages of $2,000,000 per counterfeit mark per each good sold, offered for sale, or distributed by Defendant pursuant to 15 U.S.C. § 1117(c);

5. Award Swampfox Optics its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6. Award Swampfox Optics Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

7. Award Swampfox Optics its reasonable attorneys' fees in bringing this action as allowed by law;

8. Award Swampfox Optics pre-judgment and post-judgment interest in the maximum amount allowed under the law;

9. Award Swampfox Optics the costs incurred in bringing this action; and

10. Grant Swampfox Optics such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Swampfox Optics hereby requests a trial by jury on all causes of action so triable.

Dated:   November 8, 2024

**K&L GATES LLP**

By: /s/ Adam G. Husik
Adam G. Husik
Morgan T. Nickerson (to be admitted *pro hac vice*)
K&L Gates LLP
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001
*Attorneys for Plaintiff Swampfox Optics Inc.*