Mark Berkowitz (Bar No. 232472017)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:    (212) 216-8000
Fax:     (212) 216-8001
E-mail:  mberkowitz@tarterkrinsky.com
*Attorneys for Defendant/Counterclaimant*
*Y&E Deals LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SWAMPFOX OPTICS INC., <br><br> Plaintiff, <br><br> v. <br><br> Y&E DEALS LLC, <br><br> Defendant. | Case No. 3:24-cv-10407-RK-TJB <br><br> Assigned to: <br> Judge Robert Kirsch <br> Magistrate Judge Tonianne J. Bongiovanni |
| Y&E DEALS LLC, <br><br> Counterclaimant, <br><br> v. <br><br> SWAMPFOX OPTICS INC., <br><br> Counterclaim-Defendant. | |

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIMS

Defendant Y&E Deals LLC ("Defendant" or "Y&E"), through its counsel, hereby responds to the Complaint dated November 8, 2024 (ECF No. 1, "Complaint") of Plaintiff Swampfox Optics LLC ("Plaintiff" or "Swampfox") as set forth below. In response to all paragraphs of the Complaint, Defendant denies each and every allegation except as expressly admitted herein. Defendant responds specifically to Plaintiff's averments as follows:

1

## NATURE OF THE ACTION

1.      Defendant admits that the Complaint purports to seek injunctive relief and damages; however, Defendant denies that the action has any legal merit. Defendant denies the remaining allegations of paragraph "1" of the Complaint.

2.      Defendant denies the allegations of paragraph "2" of the Complaint.

3.      Defendant admits that the Complaint purports to seek injunctive relief and damages; however, Defendant denies that the action has any legal merit. Defendant denies the remaining allegations of paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4.      Defendant admits that the Court has subject matter jurisdiction over this action; however, Defendant denies that the action has any legal merit.

5.      Defendant admits that it is a New Jersey limited liability corporation and that it is subject to personal jurisdiction in this Court for purposes of this action. Defendant denies the remaining allegations of paragraph "5" of the Complaint.

6.      Defendant admits that venue is proper in this District for purposes of this action.

## PARTIES

7.      Defendant denies the allegations of paragraph "7" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

8.      Defendant admits that it is a New Jersey limited liability company with an address in Jackson, New Jersey. Defendant further admits that it operates the Amazon storefront named "Y&E Deals" with Merchant ID: A270YPH0TZ7WDJ. Defendant admits that it has sold SWAMPFOX branded products through the Y&E Deals storefront. Defendant denies the remaining allegations of paragraph "8" of the Complaint

## FACTS

9.      Defendant admits that the U.S. Patent and Trademark Office ("USPTO") has issued U.S. Registration Nos. 5,824,661 for SWAMPFOX and 6,811,693 for KINGSLAYER. Defendant otherwise denies the allegations of paragraph "9" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

10.     Defendant denies the allegations of paragraph "10" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

11.     Defendant denies the allegations of paragraph "11" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

12.     Defendant denies the allegations of paragraph "12" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

13.     Defendant denies the allegations of paragraph "13" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

14.     Defendant denies the allegations of paragraph "14" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

15.     Defendant denies the allegations of paragraph "15" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

16.    Defendant admits that it has sold SWAMPFOX branded products through online marketplaces, including the Amazon.com marketplace. Defendant denies the remaining allegations of paragraph "16" of the Complaint.

17.    Defendant denies that any party needs to be "authorized" by a brand in order to resell genuine goods. *See, e.g.*, *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 n.4 (3d Cir. 1998) ("[A] trademark owner's authorized initial sale of its product into the stream of commerce extinguishes the trademark owner's rights to maintain control over who buys, sells, and uses the product in its authorized form."). Defendant denies the remainder of the allegations in paragraph "17" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

18.    Defendant denies the allegations of paragraph "18" of the Complaint.

19.    Defendant denies the allegations of paragraph "19" of the Complaint.

20.    Defendant denies the allegations of paragraph "20" of the Complaint.

21.    Defendant denies the allegations of paragraph "21" of the Complaint.

22.    Defendant denies the allegations of paragraph "22" of the Complaint.

23.    Defendant denies the allegations of paragraph "23" of the Complaint.

24.    Defendant denies the allegations of paragraph "24" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

25.    Defendant denies the allegations of paragraph "25" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

26.     Defendant denies that it sells counterfeit products. Defendant further denies that the product depicted in paragraph "26" of the Complaint originates from Defendant's inventory of products.

27.     Defendant denies the allegations of paragraph "27" of the Complaint.

28.     Defendant denies the allegations of paragraph "28" of the Complaint.

29.     Defendant denies the allegations of paragraph "29" of the Complaint.

30.     Defendant denies the allegations of paragraph "30" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

31.     Defendant denies the allegations of paragraph "31" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

32.     Defendant denies the allegations of paragraph "32" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

33.     Defendant denies the allegations of paragraph "33" of the Complaint.

34.     Defendant denies the allegations of paragraph "34" of the Complaint.

35.     Defendant denies the allegations of paragraph "35" of the Complaint.

36.     Defendant denies the allegations of paragraph "36" of the Complaint.

37.     Defendant denies the allegations of paragraph "37" of the Complaint.

38.     Defendant denies the allegations of paragraph "38" of the Complaint.

39.     Defendant denies the allegations of paragraph "39" of the Complaint.

40.     Defendant denies the allegations of paragraph "40" of the Complaint.

## COUNT I

41.    Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "41" of the Complaint with the same force and effect as though set forth at length.

42.    Defendant admits that the Complaint purports to allege a claim for federal trademark infringement under 15 U.S.C. § 1114; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

43.    Defendant denies the allegations of paragraph "43" of the Complaint.

44.    Defendant denies the allegations of paragraph "44" of the Complaint.

45.    Defendant denies the allegations of paragraph "45" of the Complaint.

46.    Defendant denies the allegations of paragraph "46" of the Complaint.

47.    Defendant denies the allegations of paragraph "47" of the Complaint.

## COUNT II

48.    Defendant denies the allegations of paragraph "48" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

49.    Defendant denies the allegations of paragraph "49" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

50.    Defendant denies the allegations of paragraph "50" of the Complaint.

51.    Defendant denies the allegations of paragraph "51" of the Complaint.

52.    Defendant denies the allegations of paragraph "52" of the Complaint.

53.    Defendant denies the allegations of paragraph "53" of the Complaint.

54.    Defendant denies the allegations of paragraph "54" of the Complaint.

**COUNT III**

55.      Defendant denies the allegations of paragraph "55" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

56.      Defendant admits that the Complaint purports to allege a claim for false designation of original under 15 U.S.C. § 1114; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

57.      Defendant denies the allegations of paragraph "57" of the Complaint.

58.      Defendant denies the allegations of paragraph "58" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

59.      Defendant denies the allegations of paragraph "59" of the Complaint.

60.      Defendant denies the allegations of paragraph "60" of the Complaint.

61.      Defendant denies the allegations of paragraph "61" of the Complaint.

62.      Defendant denies the allegations of paragraph "62" of the Complaint.

63.      Defendant denies the allegations of paragraph "63" of the Complaint.

64.      Defendant denies the allegations of paragraph "64" of the Complaint.

65.      Defendant denies the allegations of paragraph "65" of the Complaint.

**COUNT IV**

66.      Defendant denies the allegations of paragraph "66" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

67.      Defendant denies the allegations of paragraph "67" of the Complaint.

68.      Defendant denies the allegations of paragraph "68 of the Complaint.

69.     Defendant denies the allegations of paragraph "69" of the Complaint.

## RELIEF REQUESTED

To the extent that any response is required to any of the paragraphs contained in the Complaint following the word "WHEREFORE" (on pages 14–16 of the Complaint), Defendant denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.  In particular, the Complaint fails to provide any factual support for any of the claims from which the Court could conclude that Defendant is liable for any claim.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the exhaustion doctrine/first sale doctrine. In particular, the SWAMPFOX brand products sold by Defendant are not materially different than the SWAMPFOX products authorized for sale by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands. In particular, Plaintiff's claims are barred by their unlawful conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by trademark misuse.

\*       \*       \*

8

Defendant reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant prays for judgment as follows:

A.    A dismissal with prejudice of Plaintiff's claims against Defendant and denial of any and all relief and prayers for damages to Plaintiff;

B.    An award of costs and fees incurred in this Action; and

C.    Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a jury trial for all issues triable by jury.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Y&E Deals LLC ("Y&E"), through its counsel, as and for its counterclaims against Plaintiff/Counterclaim-Defendant Swampfox Optics Inc. ("Swampfox"), alleges as follows:

## THE PARTIES

1.    Y&E is a New Jersey limited liability company with a place of business in Jackson, Jersey.

2.    On information and belief, Swampfox is a Delaware corporation with a place of business located in Englewood, Colorado.

3.    On information and belief, Swampfox is the American distribution brand for Shanghai Changhong Optoelectric, a Chinese original equipment manufacturer ("OEM") optics manufacturer.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

5.      This Court also possesses subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between Y&E and Swampfox and the amount in controversy is greater than $75,000.

6.      This Court has personal jurisdiction over Swampfox because it has subjected itself to the jurisdiction of this Court for purposes of these counterclaims, and because they transact business within the State of New Jersey, and has committed tortious acts causing injury within the State of New Jersey.

7.      Swampfox regularly, systematically, and continuously solicit business within the State of New Jersey and within this District via respective websites (including through Amazon.com), through which they sell, and offer for sale, products that compete with Y&E.

8.      Swampfox established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being called into court in this District.

9.      With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

10.      Upon information and belief, Swampfox is in the business of selling and distributing "tactical optics" for firearms under the Swampfox marks ("Swampfox Products").

11.      Swampfox is the registrant of U.S. Registration Nos. 5,824,661 for SWAMPFOX and 6,811,693 for KINGSLAYER. (the "Swampfox Registrations").

12.     Y&E is in the business of lawfully acquiring and re-selling various products for a profit.

13.     Y&E resells products through an Amazon storefront.

14.     Y&E's served thousands of customers through its Amazon storefront before it was shut down as a result of Swampfox's unlawful conduct detailed below.

15.     Swampfox and Y&E are competitors in the sale of consumer products.

## Online Marketplaces

16.     On information and belief, Amazon is the world's largest online retailer.

17.     According to published reports, "Amazon's market cap alone is bigger than the nine biggest U.S. retailers put together." Dorothy Neufeld, *Visualizing the Size of Amazon, the World's Most Valuable Retailer*, Visual Capitalist (July 2, 2020), https://www.visualcapitalist.com/amazon-worlds-most-valuable-retailer/.

18.     Amazon's online e-commerce platform allows third parties, like Y&E, to sell products on its e-commerce platform.

19.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

20.     A significant portion of Y&E's business was derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

21.     Once Y&E acquired products from reputable sources, Y&E resold the same products on Amazon at a profit.

22.     In general, transactions on Y&E's Amazon storefront are completed by Amazon, whereby Amazon ships Y&E's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

23.     Y&E had invested significant efforts into building a successful and reputable Amazon storefront.

24.     Since its inception until it was shut down due to Swampfox's unlawful conduct, Y&E's Amazon storefront amassed thousands of reviews and held a near perfect customer rating.

25.     A small sample of Y&E's reviews are shown below:



⭐⭐⭐⭐⭐  "Excellent, all the way around! Item better than described, with many extras. Fast shipping. Will definitely do business here again and again."
By Baseball lady on December 15, 2017.
"Thank YOU sooo much for your wonderful feedback! Happy Holidays!!!"
By YE DEALS on December 27, 2017.

⭐⭐⭐⭐⭐  "Quick delivery!"
By Sallie Interian on September 16, 2015.

⭐⭐⭐⭐⭐  "Excelente vendedor lo recomiendo 100 %"
By oisi on February 7, 2015.

⭐⭐⭐⭐⭐  "Arrived promptly and with extra products."
By M. C. Arnold on January 31, 2015.

⭐⭐⭐⭐⭐  "Super fast shipping, great product"
By Laura W. on January 10, 2015.

26.     Any harm that comes to the relationship between Y&E and Amazon creates the potential for serious irreparable injury to Y&E.

27.     Swampfox's illegal actions, as detailed herein, have irreparably damaged and destroyed Y&E's successful business.

**DEFENDANT'S ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERY COMPLAINTS**

28.     On information and belief, Swampfox seeks to increase its profits by controlling the distribution and pricing of its products, including the Swampfox Products, through unlawful means.

29.     As demonstrated below, Swampfox has engaged in a coordinated effort to preclude select third-parties from reselling genuine Swampfox Products on online marketplaces by false allegations of intellectual property infringement and defamation.

30.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Y&E from selling genuine Swampfox Products on Amazon.

31.     On information and belief, the purpose of these false complaints was to damage Y&E's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Y&E.

32.     Because Y&E sells only genuine products through its Amazon storefront, Swampfox has no legitimate intellectual property claim(s) against Y&E.

33.     Under the first sale doctrine, Y&E is lawfully permitted to re-sell Swampfox Products without violating the intellectual property rights or other legal rights of Swampfox.

34.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

35.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

36.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

37.     On information and belief, Swampfox was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

38.     On information and belief, Swampfox was, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

39.     Swampfox filed complaints with Amazon that alleged that Y&E was selling counterfeit Swampfox Products that infringed the Swampfox Registrations.

40.     Swampfox knew, or should have known, that such allegations were false.

41.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Swampfox.

42.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

43.     Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

44.    On or about November 4, 2024, Y&E received a notice from Amazon stating as follows:

**amazon**

Hello Y&E Deals,

We have deactivated some of your listings due to violations of our policies. You can find details of the impacted listings below.

**Why did I receive this message?**

We have received a notice of infringement from a rights owner that indicates the below ASINs are allegedly infringing upon their intellectual property rights. This is a violation of our policies.

**How do I address this issue?**

Provide one or more of the following to prevent deactivation of your listings:

-- An invoice;

-- Letter of authorization from the rights owner

-- A licensing agreement from the manufacturer or rights owner demonstrating that your products are lawful

For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

**How do I submit this information?**

Go to Received Intellectual Property Complaints under the Product Compliance section in your Account Health page: ([https://url.us.m.mimecastprotect.com/s/9MBFCmZEgoC1nxVytOhRHR2Zvs?domain=sellercentral.amazon.com](https://url.us.m.mimecastprotect.com/s/9MBFCmZEgoC1nxVytOhRHR2Zvs?domain=sellercentral.amazon.com))

Locate the deactivation record for this product listing. Click "Appeal" next to the listing deactivation record to submit information necessary to reactivate your listing.

**Has this message been sent in error?**

15

If you have never sold or listed the product, contact us on your Account Health page by clicking "Appeal" next to the listing at risk of removal and following the instructions provided:
https://url.us.m.mimecastprotect.com/s/9MBFCmZEgoC1nxVytOhRHR2Zvs?domain=sellercentral.amazon.com.

If you think that the rights owner has made an error in sending the notice, reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions. The link is located below the appeal form.

**What happens if I do not provide the required information?**

The violation record will remain on your Account Health page for up to 180 days after the listing was deactivated or until the violation is successfully disputed. Leaving this and other listing violations unaddressed may result in account deactivation. If you do not provide the information within 90 days, you will receive a request to remove the inventory associated with these listings per our removal policy: (https://url.us.m.mimecastprotect.com/s/TkerCADmg5UrWQxpskUDHGs4AL?domain=sellercentral.amazon.com).

Failure to address this request can lead to disposal of your inventory in accordance with the Business Solutions Agreement.

**We're here to help**.

If you need help understanding why your listings may infringe the intellectual property rights of others, search for "Intellectual Property policy" in Seller Central Help:
https://url.us.m.mimecastprotect.com/s/snHcCo2OkqHlznA2i6sOHp2COy?domain=sellercentral.amazon.com

If you have questions about this policy or the information requested above, contact us:
https://url.us.m.mimecastprotect.com/s/PKitCpYzl0CQ82g4iJtEHGvO8S?domain=sellercentral.amazon.com

---

**Rights owner details:**

-- Swampfox Brand Protection Team

-- dealers@swampfoxoptics.com

**Rights owner communication:** This product was purchased and sent to us for verification. Our team inspected this item and verified that this is a counterfeit product being sold by Y&E Deals.

**ASIN:** B09NXN17NX

**Title:** Swampfox Liberty Micro Reflex Red Dot Sights (RMR Pistol Cut) 3 MOA Reticle (Liberty 1x22 - Red Dot)

**Violation type:** TrademarkComplaintCounterfeit

**Complaint ID:** 16558544951

**Rights owner details:**

-- Swampfox Brand Protection Team

-- dealers@swampfoxoptics.com

**Rights owner communication:** This product was purchased and sent to us for verification. Our team inspected this item and verified that this is a counterfeit product being sold by Y&E Deals.

**ASIN:** B09MJSMZNJ

**Title:** Swampfox Justice - Micro Reflex Green Dot Sights (RMR Pistol Cut) 3 MOA Reticle (Justice 1x27 - Green Dot)

**Violation type:** TrademarkComplaintCounterfeit

**Complaint ID:** 16558544951

**Rights owner details:**

-- Swampfox Brand Protection Team

-- dealers@swampfoxoptics.com

**Rights owner communication:** This product was purchased and sent to us for verification. Our team inspected this item and verified that this is a counterfeit product being sold by Y&E Deals.

**ASIN:** B09NXN17NX

**Title:** Swampfox Liberty Micro Reflex Red Dot Sights (RMR Pistol Cut) 3 MOA Reticle (Liberty 1x22 - Red Dot)

**Violation type:** TrademarkComplaintCounterfeit

**Complaint ID:** 16558544951

**Rights owner details:**

-- Swampfox Brand Protection Team

-- dealers@swampfoxoptics.com

**Rights owner communication:** This product was purchased and sent to us for verification. Our team inspected this item and verified that this is a counterfeit product being sold by Y&E Deals.

**ASIN:** B09MJSMZNJ

**Title:** Swampfox Justice - Micro Reflex Green Dot Sights (RMR Pistol Cut) 3 MOA Reticle (Justice 1x27 - Green Dot)

**Violation type:** TrademarkComplaintCounterfeit

**Complaint ID:** 16558544951

**Rights owner details:**

-- Swampfox Brand Protection Team

-- dealers@swampfoxoptics.com

**Rights owner communication:** This product was purchased and sent to us for verification. Our team inspected this item and verified that this is a counterfeit product being sold by Y&E Deals.

**ASIN:** B09MJSMZNJ

**Title:** Swampfox Justice - Micro Reflex Green Dot Sights (RMR Pistol Cut) 3 MOA Reticle (Justice 1x27 - Green Dot)

**Violation type:** TrademarkComplaintCounterfeit

18

**Complaint ID:** 16558544951

**Rights owner details:**

-- Swampfox Brand Protection Team

-- dealers@swampfoxoptics.com

**Rights owner communication:** This product was purchased and sent to us for verification. Our team inspected this item and verified that this is a counterfeit product being sold by Y&E Deals.

**ASIN:** B09NXN17NX

**Title:** Swampfox Liberty Micro Reflex Red Dot Sights (RMR Pistol Cut) 3 MOA Reticle (Liberty 1x22 - Red Dot)

**Violation type:** TrademarkComplaintCounterfeit

**Complaint ID:** 16558544951

You can view your account performance (https://url.us.m.mimecastprotect.com/s/9MBFCmZEgoC1nxVytOhRHR2Zvs?domain=sellercentral.amazon.com) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app:

https://url.us.m.mimecastprotect.com/s/ImNFCqx2mvtL5QgYSruxHEw6O8?domain=itunes.apple.com

-- Download the Android app:

https://url.us.m.mimecastprotect.com/s/vxPHCrkYnwHwvqyQfGCrH4MP1a?domain=play.google.com

Thank you,

Amazon Services

Report an issue with this email

If you have any questions visit: Seller Central

To change your email preferences visit: Notification Preferences

We hope you found this message to be useful. However, if you'd rather not receive future e-mails of this sort from Amazon.com, please opt-out here.

Copyright 2024 Amazon, Inc, or its affiliates. All rights reserved. Amazon.com, 410 Terry Avenue North, Seattle, WA 98109-5210

45.     The above report relates to Swampfox Products, which are referenced by their Amazon Standard Identification Numbers ("ASIN").

46.     The Swampfox Products identified in the above report were genuine.

47.     The Swampfox Products identified in the above report were distributed by Swampfox.

48.     On information and belief, prior to filing the above report, Swampfox knew, or should have known, that the Swampfox Products sold by Y&E were not counterfeit and did not infringe the above cited Swampfox Registrations.

49.     On information and belief, Swampfox's allegation that the above Swampfox Products were counterfeit was knowingly false and made in bad faith.

50.     Swampfox purports to have purchased an allegedly counterfeit Swampfox Product "Swampfox Kingslayer RMR Footprint 1x22 Pistol Dot Sight, Green Circle" that Swampfox claims was received from Y&E. (See Compl. ¶ 26).

51.     However, the product that Swampfox claims to be counterfeit did not originate or come from Y&E's inventory as Y&E only sells genuine products.

52.    On information and belief, Swampfox knew, or should have known, that the "Swampfox Kingslayer RMR Footprint 1x22 Pistol Dot Sight, Green Circle" it received did not come from Y&E.

### HARM TO Y&E

53.    As a result of the above false rights complaints, Y&E's listings related to Swampfox Products were suspended, resulting in an immediate loss of revenue.

54.    It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Y&E's ability to sell any and all products on Amazon would be lost.

55.    As a result of the above false rights complaints, Y&E's entire Amazon account was in fact suspended, resulting in irreparable harm to Y&E's relationship with Amazon as well as an immediate loss of revenue.

56.    On information and belief, Swampfox was aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

57.    On information and belief, Swampfox has used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

58.    At no time has Y&E ever sold Swampfox Products that infringed any of Swampfox' intellectual property or other legal rights.

59.    The Swampfox Products sold by Y&E were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

60.    Swampfox knowingly made false intellectual property rights complaints against Y&E.

61.    Upon information and belief, the true purpose of these complaints was to ensure the suspension of Y&E's marketplace listings, control pricing, and eliminate fair competition.

## COUNTERCLAIM I – DECLARATORY JUDGMENT

62.     Y&E incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–61 above.

63.     Swampfox has asserted claims against Y&E for purported infringement of its purported trademark rights, including the Swampfox Registrations.

64.     Y&E contends that it has never infringed on any of Swampfox's purported trademarks, and in particular, its purchase and resale Swampfox Products were at all times lawful.

65.     Y&E seeks to sell Swampfox Products on Amazon and elsewhere on the Internet.

66.     Swampfox's complaints resulted in the permanent suspension of all of Y&E's selling privileges, which caused extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

67.     As a result of Swampfox's assertion of claims against Y&E for infringement of Swampfox's purported trademark rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

68.     Y&E is entitled to a declaratory judgment that it has not violated Swampfox's trademark rights or other rights, whether under Federal or State law.

## COUNTERCLAIM II – DEFAMATION

69.     Y&E incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–68 above.

70.     Swampfox published false statements to Amazon regarding Y&E as described in this Complaint, including reporting to Amazon that Y&E's Swampfox Products infringed the Swampfox Registrations.

71.     Y&E did not infringe the Swampfox Registrations.

22

72.    Swampfox's false statements were injurious to Y&E's business because they caused Amazon to first suspend Y&E's selling privileges related to Swampfox Products and then ultimately suspend Y&E's selling privileges altogether.

73.    Swampfox's false statements were injurious to Y&E's business because they made it impossible for Amazon's and Y&E's customers to purchase products from Y&E.

74.    Upon information and belief, Swampfox was, at a minimum, negligent in making the false statements to Amazon because, among other things, Swampfox knew that Y&E sells genuine products.

75.    Swampfox's false statements are not protected by any privilege.

76.    Swampfox acted with actual malice or with reckless disregard for the truth of the matter contained in Swampfox's false statements to Amazon and Y&E's customers.

77.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

78.    Here, Swampfox published statements that Y&E was engaged in trademark counterfeiting.

79.    Swampfox's false statements constitute defamation *per se*.

80.    Additionally, Y&E incurred special harm, including, but not limited to, suspension from selling not Swampfox Products but all products and damage to its relationship with Amazon and its customers.

81.    Whether by defamation per se or by special harm, Y&E has suffered injury as Y&E's selling privileges have been suspended and Y&E has lost sales of Swampfox Products and many other products.

82.    Y&E is entitled to damages, costs, and fees as allowed by law.

83.     Y&E has suffered injury and, unless Swampfox are enjoined from such activity, will continue to suffer injury.

**COUNTERCLAIM III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

84.     Y&E incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–83 above.

85.     Y&E has had an advantageous business relationship with Amazon, which allows Y&E to sell on Amazon's e-commerce platform as a third-party seller.

86.     Y&E is also in a contractual relationship with Amazon. Specifically, Y&E has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

87.     The BSA, including Paragraph S-1.2: (1) allows Y&E to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Y&E for sales.

88.     At all relevant times, Swampfox was aware of Y&E's business relationship with Amazon, as well as Y&E's contractual relationship with Amazon.

89.     At all relevant times, Swampfox was aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

90.     Swampfox intentionally and improperly interfered with Y&E's advantageous relationship with Amazon by submitting fraudulent purchases to Amazon relating to Y&E's goods.

91.     Swampfox's conduct directly and proximately caused disruption of Y&E's relationship with Amazon.

92.     Swampfox intended to cause Amazon to hold and freeze Y&E's goods, and its ability to sell those goods, and therefore interfere with the business relationship Amazon had with Y&E.

93.     Swampfox had actual knowledge that their actions would cause Amazon cause Amazon to hold and freeze Y&E's goods, and its ability to sell those goods.

94.     Swampfox's accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

95.     Swampfox's actions interfered with Y&E's business relationship with Amazon and proximately caused the suspension of Y&E's selling privileges.

96.     Swampfox's actions were made maliciously and with ill will.

97.     Y&E has been damaged by losing revenue resulting from having its selling privileges suspended by Amazon.

98.     Y&E is entitled to damages, costs and attorneys' fees as allowed by law.

99.     Y&E has suffered injury and, unless Swampfox is enjoined from such activity, will continue to suffer injury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Y&E prays for judgment as follows:

A.     An order declaring that Y&E has not infringed any valid and enforceable intellectual property right owned by Swampfox, including the Swampfox Registrations;

B.     Preliminary and permanent injunctive relief restraining Swampfox, its agents, servants, employees, successors and assigns, and all others in concert and privity with Swampfox, from filing complaints with Amazon and any other e-commerce platform.

C.     Injunctive relief requiring Swampfox to rescind all complaints that they have filed against Y&E;

D.     An award of all damages that Y&E has suffered as a result of Swampfox's defamation;

E.     An award of all damages that Y&E has suffered as a result of Swampfox's tortious interference;

F.     An award of all costs and fees incurred in this Action; and

G.     Such other and further relief as the Court shall find just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Y&E hereby requests trial by jury on all issues so triable including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted,

Dated: May 2, 2025                          By: *s/ Mark Berkowitz*

TARTER KRINSKY & DROGIN LLP
Mark Berkowitz (Bar No. 232472017)
1350 Broadway
New York, NY 10018
Telephone:   (212) 216-8000
Fax:              (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

*Attorneys for Defendant/*
*Counterclaimant Y&E Deals LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 2, 2025, the foregoing document entitled **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIMS** was filed with the Clerk of Court by using the Court's CM/ECF system, which will cause such documents to be served on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

> Adam G. Husik
> K&L GATES LLP
> One Newark Center, 10th Fl.
> Newark, NJ 07102
> Email:  Adam.Husik@klgates.com
>
>
> Morgan T. Nickerson
> K&L GATES LLP
> 1 Congress Street, Suite 2900
> Boston, MA 02114
> Email:  Morgan.Nickerson@klgates.com
>
>
> *s/ Mark Berkowitz*